FILED by ___ D.C.

ELECTRONIC

**FEB 26,2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 09-20186-CR-SEITZ/O'SULLIVAN
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 1546(a)
18 U.S.C. § 1001(a)(2)

UNITED STATES OF AMERICA

vs.

CARMEN SANCHEZ,
JOSE LOPEZ,
EVA ESTEBAN,
EDWARD DIAZ,
CARMEN MENDOZA,
LESBIA DAZA,
JOSE DIAZ,
CARLOS PAVEZ,
ALEJANDRO CHANG,
and TERESA CHANG,

          Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

From in or around February, 2001, the exact date being unknown to the Grand Jury, and continuing through on or about May 20, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere the defendant,

### CARMEN SANCHEZ,

did knowingly and intentionally combine, conspire, confederate, and agree with another person known to the Grand Jury, to commit offenses against the United States, namely,

(a) to knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact in any application and other document required by the immigration laws and regulations prescribed thereunder, namely, Forms I-485, Applications to Register Permanent Residence or Adjust Status, and Forms I-765, Applications for Employment Authorization, in violation of Title 18, United States Code, Section 1546(a); and

(b) in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, to knowingly and willfully make a false, fraudulent, and fictitious statement and representation as to a material fact, in violation of Title 18, United States Code, Section 1001(a)(2).

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy for the defendant and her coconspirator to unjustly enrich themselves by obtaining and selling fraudulent Cuban birth certificates and preparing fraudulent immigration applications to be submitted to the United States government for a fee.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, at least one of the following overt acts, among others, was committed in Miami-Dade County, in the Southern District of Florida, and elsewhere, by at least one co-conspirator:

1. In or about October, 2002, defendant **CARMEN SANCHEZ** obtained a fraudulent Cuban birth certificate for **ALEJANDRO CHANG**.

2

2. In or about October 2002, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **ALEJANDRO CHANG**.

3. In or about October, 2002, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **TERESA CHANG**.

4. In or about September, 2003, defendant **CARMEN SANCHEZ** obtained a fraudulent Cuban birth certificate for **CARLOS PAVEZ**.

5. In or about September, 2003, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **CARLOS PAVEZ**.

4. In or about September, 2003, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for D.A.

5. In or about February, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **LESBIA DAZA**.

6. In or about February, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application for to Register Permanent Residence or Adjust Status, for **JOSE DIAZ**.

7. In or about June, 2006, defendant **CARMEN SANCHEZ** obtained a fraudulent Cuban birth certificate for **EDWARD DIAZ**.

8. In or about June, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **EDWARD DIAZ**.

3

9. In or about June, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **CARMEN MENDOZA**.

10. In or about November, 2006, defendant **CARMEN SANCHEZ** obtained a fraudulent Cuban birth certificate for **JOSE LOPEZ**.

11. In or about November, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **JOSE LOPEZ**.

12. In or about November, 2006, defendant **CARMEN SANCHEZ** prepared a fraudulent I-485 form, Application to Register Permanent Residence or Adjust Status, for **EVA ESTEBAN**.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about November 11, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LOPEZ and**
**CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that defendant **JOSE LOPEZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **JOSE LOPEZ** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed

4

thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 3

On or about November 11, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**JOSE LOPEZ and
CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that, the defendants **JOSE LOPEZ and CARMEN SANCHEZ** represented to a representative of the United States Citizenship and Immigration Services that **JOSE LOPEZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **JOSE LOPEZ** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 4

On or about November 11, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE LOPEZ and
CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to any material fact, that is, that defendant **JOSE LOPEZ** was born in Cuba, when in truth and in

5

fact, and as the defendants then and there well knew, **JOSE LOPEZ** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-765, Application for Employment Authorization, in violation of Title 18, United States Code, Sections 1546(a) and 2.

**COUNT 5**

On or about November 11, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**JOSE LOPEZ and**
**CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that, the defendants **JOSE LOPEZ and CARMEN SANCHEZ** represented to a representative of the United States Citizenship and Immigration Services that **JOSE LOPEZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **JOSE LOPEZ** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

6

## COUNT 6

On or about January 29, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

### JOSE LOPEZ and
### CARMEN SANCHEZ,

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 7

On or about December 5, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

### EVA ESTEBAN and
### CARMEN SANCHEZ,

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that the husband of the defendant **EVA ESTEBAN** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **EVA ESTEBAN**'s husband was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

7

## COUNT 8

On or about December 5, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

### EVA ESTEBAN and
### CARMEN SANCHEZ,

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that the defendants represented to a representative of the United States Citizenship and Immigration Services that **EVA ESTEBAN**'s husband was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **EVA ESTEBAN**'s husband was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 9

On or about February 22, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

### EVA ESTEBAN and
### CARMEN SANCHEZ,

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

8

## COUNT 10

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

### EDWARD DIAZ and
### CARMEN SANCHEZ,

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that defendant **EDWARD DIAZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **EDWARD DIAZ** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 11

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

### EDWARD DIAZ and
### CARMEN SANCHEZ,

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that, the defendants represented to a representative of the United States Citizenship and Immigration Services that **EDWARD DIAZ** was born in Cuba, when in truth

9

and in fact, and as the defendants then and there well knew, **EDWARD DIAZ** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 12

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**EDWARD DIAZ and
CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that defendant **EDWARD DIAZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **EDWARD DIAZ** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-765, Application for Employment Authorization, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 13

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**EDWARD DIAZ and
CARMEN SANCEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that, the defendants represented to a representative of the United States

10

Citizenship and Immigration Services that **EDWARD DIAZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **EDWARD DIAZ** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 14

On or about January 4, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**EDWARD DIAZ and
CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 15

On or about October 12, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**CARMEN MENDOZA and
CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that the husband of defendant **CARMEN MENDOZA** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **CARMEN MENDOZA**'s husband was not born in Cuba, in any application and other document required

11

by the immigration laws and regulations prescribed thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 16

On or about October 12, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**CARMEN MENDOZA and**
**CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that the defendants represented to a representative of the United States Citizenship and Immigration Services that **CARMEN MENDOZA**'s husband was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **CARMEN MENDOZA**'s husband was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 17

On or about January 4, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**CARMEN MENDOZA and**
**CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment

12

Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT 18

On or about February 27, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**LESBIA DAZA and
CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that defendant **LESBIA DAZA** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **LESBIA DAZA** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

13

## COUNT 19

On or about February 27, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**LESBIA DAZA and**
**CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that defendant **LESBIA DAZA** represented to a representative of the United States Citizenship and Immigration Services that she was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **LESBIA DAZA** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 20

On or about February 27, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**LESBIA DAZA and**
**CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that defendant **LESBIA DAZA** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **LESBIA DAZA** was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed

14

thereunder, that is, a Form I-765, Application for Employment Authorization, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 21

On or about February 27, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**LESBIA DAZA and
CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that the defendants represented to a representative of the United States Citizenship and Immigration Services that **LESBIA DAZA** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **LESBIA DAZA** was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 22

On or about June 10, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**LESBIA DAZA and
CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false

15

claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 23

On or about December 5, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE DIAZ and
CARMEN SANCHEZ,**

did knowingly make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, any false statement with respect to a material fact, that is, that the wife of defendant **JOSE DIAZ** was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **JOSE DIAZ**'s wife was not born in Cuba, in any application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-485, Application to Register Permanent Residence or Adjust Status, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 24

On or about December 5, 2006, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an agency of the executive branch of the Government of the United States, the defendants,

**JOSE DIAZ and
CARMEN SANCHEZ,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that, the defendants represented to a representative of the United States

16

Citizenship and Immigration Services that **JOSE DIAZ**'s wife was born in Cuba, when in truth and in fact, and as the defendants then and there well knew, **JOSE DIAZ**'s wife was not born in Cuba, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 25

On or about June 10, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE DIAZ and
CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 26

On or about February 22, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

**CARLOS PAVEZ and
CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an alien registration receipt card, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

17

## COUNT 27

On or about October 22, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ALEJANDRO CHANG and
CARMEN SANCHEZ,**

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an alien registration receipt card, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

18

## COUNT 28

On or about October 23, 2006, in Miami-Dade County, in the Southern District of Florida, the defendants,

### TERESA CHANG and
### CARMEN SANCHEZ,

did knowingly obtain and receive a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, an Employment Authorization Document, Form I-688, knowing it to have been procured by means of a false claim and statement and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2.

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

DEREK BENTSEN
ASSISTANT UNITED STATES ATTORNEY

19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

CARMEN SANCHEZ, et al.,

           Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

<u>X</u>  Miami  _____  Key West
_____  FTL  _____  WPB  _____  FTP

| | Yes | No |
|---|---|---|
| New Defendant(s) | _____ | _____ |
| Number of New Defendants | _____ | |
| Total number of counts | _____ | |

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    <u>No</u>
      List language and/or dialect  _____

4.    This case will take    <u>3-4</u>    days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

(Check only one)

| | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | <u>X</u> | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | <u>X</u> |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No)    <u>No</u>
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)  <u>No</u>
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No)    <u>No</u>

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes  <u>X</u> No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes  <u>X</u> No

_____
DEREK BENTSEN
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501211

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: CARMEN SANCHEZ**

**Case No:** _____

Count #: 1

Conspiracy to Commit Offense or to Defraud the United States

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five Years' Imprisonment

Counts #: 2, 4, 7, 10, 12, 15, 18, 20, 23

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #: 3, 5, 8, 11, 13, 16, 19, 21, 24

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Counts #: 6, 9, 14, 17, 22, 25-28

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: <u>JOSE LOPEZ</u>**

**Case No:** _____

Count #: 2, 4

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #: 3, 5

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 6

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: EVA ESTEBAN**

**Case No:**

Count #: 7

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #: 8

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 9

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: EDWARD DIAZ**

**Case No:**

Counts #: 10, 12

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #: 11, 13

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Counts #: 14

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: <u>CARMEN MENDOZA</u>**

**Case No:** _____

Count #: 15

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #: 16

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 17

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name: LESBIA DAZA**

**Case No:** —

Counts #: 18, 20

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #: 19, 21

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 22

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Counts #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: JOSE DIAZ**

**Case No:** ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Count #: 23

False Statement in an Immigration Application

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #: 24

False Statement

Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 25

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name: CARLOS PAVEZ**

**Case No:** _____

Count #: 26

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: ALEJANDRO CHANG**

**Case No:** ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Count #: 27

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: TERESA CHANG**

**Case No:** ────────────────────────

Count #: 28

Obtaining or Receiving Fraudulently Procured Immigration Document

Title 18, United States Code, Section 1546(a)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**